IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY MCCLAIN, <br> AIS # 276132, | ) <br> ) <br> ) | |
| Petitioner, | ) <br> ) | |
| v. | ) <br> ) | CASE NO. 2:25-CV-318-WKW <br> [WO] |
| STATE OF ALABAMA, | ) <br> ) | |
| Respondent. | ) | |

## **ORDER**

Petitioner Anthony McClain, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. # 1.) His petition was originally filed in the Northern District of Alabama but was transferred to this court on April 30, 2025. (*See* Docs. # 3–5.) Upon initial review of the petition, the court found it deficient in two respects. First, Petitioner named an improper Respondent. Under Rule 2(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Accordingly, Petitioner was directed to file an amended petition naming the warden of the facility where he is incarcerated as the respondent and setting a November 20, 2025 deadline. (Doc. # 8.)

Second, Petitioner failed to include a statement that the petition was "signed under penalty of perjury" by Petitioner or by a person authorized to sign for Petitioner, as required by Rule 2(c)(5) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Consequently, Petitioner was ordered to supplement his habeas petition with a penalty-of-perjury statement and signature, setting a November 19, 2025 deadline. (Doc. # 9.)

To date, Petitioner has neither filed an amended complaint naming the warden as Respondent nor supplemented his habeas petition with a penalty-of-perjury statement and signature. Because Petitioner has failed to comply with the court's Orders, his petition will be dismissed without prejudice.

A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Based on the foregoing, it is ORDERED that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 2nd day of December, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE